**Bud MARTIN, Appellant,**

v.

**Virginia TAGGART et al., Appellees.**

No. 3362.

Court of Civil Appeals of Texas.

Eastland.

Feb. 21, 1958.

Rehearing Denied March 7, 1958.

Brooks, Fergus, Robinson & Smith, Abilene, for appellant.

Smith, Bickley & Pope, Abilene, Donald Russell, Eastland, for appellees.

WALTER, Justice.

Virginia Taggart, individually and as executrix of the estate of her husband, R. D. Taggart, and Jack E. Lewis, Jr., filed suit against Paul C. Bryant, William Gaudette and Bud Martin on a contract dated April 15, 1955. This contract appears to be between R. D. Taggart Sign Co., R. D. Taggart owner, and Western Skies Hotel, customer. In substance, the contract obligated the owner to erect and maintain a sign on the building being used by the customer at Albany, Texas. The customer agreed to pay for the sign in monthly in-

stallments. The contract obligated the customer to obtain permission from the owner of the building to erect the sign. Bud Martin was the owner of the building. The contract was signed as follows:

Western Skies Hotel
Customer
(Signed) By William Gaudette
Paul C. Bryant
Bud Martin

The plaintiffs pleaded that if the three defendants did not constitute a partnership then the contract signed by them was a joint obligation. The plaintiffs further pleaded that the manner in which Bud Martin had signed the contract had lead them to believe that he was executing it as a partner and as a co-maker and, by so doing, he was estopped to deny that he was in fact a partner or a co-maker of the contract.

· Bud Martin answered by denying under oath that he was a partner with the other defendants under the assumed name of Western Skies Hotel. Martin also pleaded failure of consideration under oath, and that he was the owner of the building, and that he signed the contract only for the purpose of approving the installation of the sign.

The case was tried before the court without a jury and resulted in a judgment for the plaintiffs against Bud Martin for the sum of $2,002. The judgment recites that prior to the hearing the defendants Bryant and Gaudette were dismissed on plaintiffs' motion.

■ Bud Martin has appealed and in his first points asserts that the court erred in his finding of fact number 9, that "There was also good consideration moving to the Defendant Bud Martin who as lessor of said building received the benefits of the sign that was erected and which was sold by him with his building at a later date", for the reason there was no evidence to support such a finding. Another point asserts that said finding of fact is insufficient because the court makes no distinction between a co-maker and an accommodation maker. Appellant also asserts that the court's conclusions of law that appellant became a co-maker and a joint obligor on the note and that there was consideration for the contract is incorrect because there was no evidence of consideration to support said conclusion of law. These points are overruled because the appellant testified the sign was on his building when he sold it to Mr. Mays, and his deed to Mays reveals that the appurtenances to the property passed to his grantee.

"In passing upon the sufficiency of the evidence to support the findings, the court will view the evidence in the light most favorable to such findings, and will presume that the trial court did not consider any improper evidence. And it is settled that only evidence which tends to support a judgment or a finding of fact may be considered, and all evidence favorable to the opposite contention should be disregarded." 3–B Tex.Jur. 441.

■ Appellant's remaining point asserts the court erred in his conclusion of law, that "There is no showing either by evidence or by the instrument itself of any limited capacity on the part of the Defendant Bud Martin who was a signer and a joint obligor of said contract", because the court did not admit evidence as to the circumstances under which Martin signed the contract. When appellant was asked what Paul C. Bryant said to him when he presented the contract for his signature, the appellees objected and the court sustained the objection. The record does not show what the witness' testimony would have been if he had been permitted to testify. Under these circumstances we are unable to agree with the appellant's contention. See 3–A Tex.Jur. 534.

The judgment of the trial court is affirmed.